UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>   Plaintiff,<br><br> v.<br><br>E. STARK, et.al.,<br><br>   Defendants. | Case No.: 1:18-cv-00564-LJO-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>[ECF No. 32.] |

  Plaintiff Tracye Benard Washington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Hicks and Rocha for excessive force in violation of the Eighth Amendment.

  Currently before the Court is Plaintiff's motion to amend the complaint, filed October 22, 2018. (ECF No. 32.) Defendants did not file an opposition.

**I.**

**DISCUSSION**

  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice

1

so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Defendants filed an answer to the first amended complaint on October 5, 2018. (ECF No. 30.)

In his motion to amend, Plaintiff indicates that he seeks leave to amend the first amended complaint to proceed with a failure to intervene claim against Defendant Hicks "utilizing the same set of facts already before the court. Defendant Hicks was the highest ranking officer on the scene of this incident, and is the individual who instructed all of the non-sued officers, and defendant H. Rocha, to report the area where the incident took place, and ordered that the cell door be opened …." (Mot. at 1:21-27.) Plaintiff submits that Defendant Hicks "did not intervene to protect Plaintiff when he was (1) drug out of the cell and struck and kicked by the officers under his command, if he did not personally participate himself, in the assault." (Id. at 2:4-7.)

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner's rights can be violated by a prison official's deliberate indifference by failing to intervene. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Deliberate indifference occurs where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.

Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. However, an officer can only be held liable for failing to intervene if he had a realistic opportunity to intervene and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

Based on a review of the factual allegations in Plaintiff's first amended complaint, Plaintiff states independent claims of excessive force and failure to intervene against Defendant Sergeant Hicks. Accordingly, Plaintiff's motion to amend the complaint to proceed on the failure to intervene claim against Defendant Hick is denied as unnecessary. In light of this clarification, Defendant Hicks will be granted twenty days from the date of service of this order to file an amended answer, if so desired.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is denied as unnecessary;

2. This action shall proceed on Plaintiff's first amended complaint against Defendant Rocha for excessive force and against Defendant Hicks for excessive force and failure to intervene under the Eighth Amendment; and

3. Within **twenty (20)** days from the date of service of this order, Defendant Hicks may amend the answer, if so desired.

IT IS SO ORDERED.

Dated: **December 18, 2018**

UNITED STATES MAGISTRATE JUDGE

3