# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACYE BENARD WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. STARK, et.al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00564-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>[ECF No. 42] |

Plaintiff Tracye Benard Washington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed January 22, 2019.

## I.

## DISCUSSION

### A.  Legal Standards

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the

defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-104 (1998).

**B.     Analysis**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. Plaintiff seeks an order "enjoining Defendants, the Mental Health Services Delivery System (MHSDS) at Kern Valley State Prison (KVSP) and Custody staff employed at KVSP, from using "Outpatient Housing Unit" (OHU) cells at the prison for the purpose of monitoring Inmates placed on Suicide-Watch Observation status." (Mot. at 1.) Plaintiff submits that his request for a copy of the suicide watch observation notes/records for February 5 and 6, 2018, was denied because the documents were not in his medical file. (Id. at 8.)

Plaintiff is advised that "[f]ederal courts have the implied or inherent power to issue preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" American LegalNet, Inc. v. Davis, 673 F.Supp.2d 1063, 1071 (C.D. Cal. 2009) (quoting Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 135-36 (2004)). Spoliation occurs when a party destroys, significantly alters, or fails to preserve evidence in pending or reasonably foreseeable litigation. United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). The authority to impose sanctions for spoliation arises from a court's inherent powers to control the judicial process. Medical Laboratory Mgmt. Consultants v. American

2

Broadcasting Companies, Inc., 306 F.3d 806, 824 (9th Cir. 2002). The exercise of a court's inherent powers must be applied with "restraint and discretion" and only to the degree necessary to redress the abuse. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991); see also Schmid v. Milwaukee Electric Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994) (courts should choose "the least onerous sanction corresponding to the willfulness of the destructive at and the prejudice suffered by the victim").

A party seeking sanctions based on the spoliation of evidence must establish the following three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a "culpable state of mind" and (3) that the evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. Zubulake v. USB Warburg LLC, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) (citing Residential Funding Corp. v. DeGeorge Fin'l Corp., 306 F.3d 99, 108 (2d Cir. 2002)). "After considering these factors, a court must then consider all available sanctions and determine the appropriate one." Apple Inc. v. Samsung Electronics Co., Ltd., 881 F.Supp.2d 1132, 1138 (N.D. Cal. 2012). The party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim. Centrifugal Force, Inc. v. Softnet Communication, Inc., 783 F.Supp.2d 736, 740 (S.D.N.Y. 2011).

Plaintiff's motion is not premised on any showing that *relevant* evidence has been destroyed. While Plaintiff contends that a request for the suicide watch observation notes/records were not located within his medical file, the Court cannot determine that such evidence is relevant or that it was lost or intentionally destroyed during the pendency of this action. Zubalake, 220 F.R.D. at 220. Discovery in this action is ongoing and the discovery deadline is currently set for June 9, 2019. To the extent there is a dispute over whether certain evidence exists and/or should be disclosed, the proper procedural mechanism is to file a motion to compel. Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 23, 2019**

UNITED STATES MAGISTRATE JUDGE