1
2
3
4
5
**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TRACYE BENARD WASHINGTON,      )   Case No.: 1:18-cv-00564-LJO-SAB (PC)
                               )
            Plaintiff,       )
                               )   ORDER DENYING PLAINTIFF'S MOTION FOR
       v.                 )   SANCTIONS AGAINST DEFENDANTS
                               )
E. STARK, et.al.,            )   [ECF No. 39]
                               )
            Defendants.    )
                               )
_____)

Plaintiff Tracye Benard Washington is appearing pro se and in forma pauperis in this civil

rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for sanctions, filed on January 14, 2019.

Defendants filed an opposition on January 29, 2019.

**I.**

**DISCUSSION**

Plaintiff contends that he submitted a request for copies of suicide watch observation records

that were supposedly made by a Certified Nursing Assistant who was monitoring him during the

evening and early morning of February 5-6, 2018, prior to the events at issue in this case. (Pl. Mot. for

Sanctions at 1, ECF No. 39.) However, Plaintiff states that he received a response indicating the

records could not be located. (Id. at 2-3.) Plaintiff now contends that Defendants and unknown

CDCR staff must have destroyed the records, and he requests $10,000 in sanctions. (Id.)

The Court has the inherent power to impose sanctions against parties for abusing the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). Abuse of the judicial process includes willful disobedience of a court order, or acting in bad faith, vexatiously, wantonly, or for oppressive reasons. Id. at 45. "A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." Id. at 50. "Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." Id.

Plaintiff's request for sanctions must be denied. This action is proceeding on Plaintiff's first amended complaint against Defendant Rocha for excessive force and against Defendant Hicks for excessive force and failure to intervene in violation of the Eighth Amendment. While Plaintiff contends that a request for the suicide watch observation notes/records were not located within his medical file, the Court cannot determine that such evidence is relevant or that it was lost or intentionally destroyed during the pendency of this action. Further, Plaintiff provides no evidence that the records requested ever existed. Plaintiff merely argues that these notes "were supposed to have been made" and placed in his medical records. (Pl. Mot. for Sanctions at 1.) Plaintiff fails to indicate whether he has searched his own records to locate such documents. See Cal. Code Regs. tit. 15, § 3370(c) (providing that inmates may review their own case records file and unit health records). However, a non-party healthcare records technician, who works at a different institution, apparently searched Plaintiff's medical files and did not locate the records. (Pl. Mot. for Sanctions at 3.) In addition, defense counsel submits that he scanned through Plaintiff's approximately 10,555 records and was unable to locate the records. (Goodwin Decl. ¶ 3, ECF No. 46-1.)

Moreover, Plaintiff fails to demonstrate that Defendants allegedly destroyed his records. Hicks is a correctional sergeant and Rocha is a correctional officer. Plaintiff fails to submit any evidence that Defendants even had access to Plaintiff's medical records or that they could have removed, purged, or otherwise destroyed any records. In fact, defense counsel submits that he sent a letter to CDCR at the onset of this action requesting that a litigation hold be placed on Plaintiff's medical records. (Goodwin Decl. ¶ 4.) Accordingly, there is simply no evidence that Defendants have acted in

bad faith, and Plaintiff's mere speculation is unjustified. Therefore, there is no evidentiary basis to impose sanctions on Defendants, and Plaintiff's motion must be denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for sanctions in the amount of $10,000 be imposed upon Defendants is DENIED.

IT IS SO ORDERED.

Dated: **January 30, 2019**

_____

UNITED STATES MAGISTRATE JUDGE